**79D01-1903-CT-000051**

Tippecanoe Superior Court 1

Filed: 3/26/2019 1:36 PM
Clerk
Tippecanoe County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE TIPPECANOE COUNTY SUPERIOR COURT |
| COUNTY OF TIPPECANOE | ) | |
| | ) | |
| ERIC JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: |
| | ) | |
| MENARD, INC., d/b/a MENARDS | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, the Plaintiff, Eric Johnson (herein "Plaintiff"), by counsel, Raeanna C. Spahn., and for his cause of action against Defendant Menard, Inc., d/b/a Menards (herein "Menards") states as follows:

1. This is a civil action for injuries and damages that the Plaintiff, Eric Johnson, sustained as a result of an incident which incurred on or about October 23, 2018, at the Menards' store located at 2850 S. Creasy Ln., Lafayette, Tippecanoe County, State of Indiana.

2. Presently, and at all times relevant to this action, Defendant, Menards, a Wisconsin corporation, owned and/or occupied the premises located at 2850 S. Creasy Ln., in Lafayette, Tippecanoe County, State of Indiana and conducted business at said location.

3. Presently, and at all times relevant to this action, the Plaintiff, Eric Johnson, was a resident of Tippecanoe County, State of Indiana.

3. On or about October 23, 2018, the Plaintiff was lawfully on the premises of the Defendant as an invitee and with the permission of, and for the benefit of, the Defendant.

4. On said date, due to the negligence of the Defendant, the Plaintiff's foot got caught and/or stuck on a damaged and/or improperly fastened metal flooring transition strip in

EXHIBIT A

the Defendant's store and the Plaintiff sustained injuries.

5. The Defendant had a duty to the Plaintiff to maintain the premises, including but not limited to, walkways and isles, in a reasonably safe condition, and that the Defendant was negligent regarding same.

6. The Defendant's negligence includes, but is not limited to, all of the following:

   a. Failing to provide a reasonably safe walking area for their invitees;

   b. Not repairing or fixing dangerous or damaged flooring, including floor strips, which pose a hazard to their invitees;

   c. Failure to exercise reasonable care to discover a dangerous condition which provided an unreasonable risk of harm to the Plaintiff;

   d. Failing to operate the establishment in a reasonably careful and prudent matter;

   e. Failure to exercise reasonable care to protect business invitees against danger, when the Defendant knew, or should have known that its invitees would not realize the danger or would fail to protect themselves against the danger;

   f. Failing to follow recommendations that would prevent this aforementioned hazard;

   g. Failing to use the requisite degree of care that a reasonably prudent person would have used under the same or similar conditions;

   h. Failure to exercise reasonable and prudent care for the safety of their business invitees.

   i. Negligent hiring and/or training and/or supervision of individuals, employees, or other entities; and/or

j. Failure to comply with the doctrine of spoliation of evidence, pursuant to Indiana Law, to maintain and preserve evidence.

7. As a direct and proximate result of Defendant, Menards', negligence, the Plaintiff, Eric Johnson, suffered injuries, some which are permanent, has incurred, and will continue to incur, medical expenses for care, testing, and treatment, has suffered and will continue to suffer loss of wages and earning ability, and an inability to engage in normal daily activities for an indefinite period of time.

8. As a direct and proximate result of Defendant, Menards', negligence, the Plaintiff, Eric Johnson, has incurred, and will continue to incur, pain, loss of enjoyment of life, and emotional and mental suffering associated with his injuries for an indefinite period of time.

9. As a direct and proximate result of Defendant, Menards', negligence, the Plaintiff, Eric Johnson, has been damaged.

WHEREFORE, the Plaintiff, by Counsel, requests trial by jury and demands judgment against Defendant, Menard, Inc., d/b/a Menards, and prays as follows:

1. For reasonable compensatory damages;
2. Interest allowable by law, including both pre-judgment interest and post-judgment interest;
3. For the costs of this action; and
4. For all other just and proper relief in these premises.

Respectfully submitted,

ESKEW LAW, LLC

By: _____
Raeanna C. Spahn, #29496-49
ESKEW LAW, LLC
One North Meridian Street, Suite 600
Indianapolis, IN 46204
P: 317-974-0177
FAX: 317-974-0179
raeanna@eskewlaw.com

**DEMAND FOR TRIAL BY JURY**

COMES NOW the Plaintiff, Eric Johnson, by counsel, Eskew Law, LLC, and demands that this matter be tried by jury pursuant to Trial Rule 38.

Respectfully submitted,

ESKEW LAW, LLC

/s/ Raeanna C. Spahn
Raeanna C. Spahn, #29496-49
Attorney for the Plaintiff

Raeanna C. Spahn, #29496-49
ESKEW LAW, LLC
One North Meridian Street, Suite 600
Indianapolis, IN 46204
P: (317) 974-0177
FAX: (317) 974-0179
Raeanna@eskewlaw.com

4